Filing # 16649420 Electronically Filed 08/01/2014 06:06:47 PM

IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FL

Sheri Haygood,

    Plaintiff

vs.                             Case No:

Sam's East, Inc. and Wal-Mart Associates, Inc.,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Sheri Haygood sues Defendants Sam's East, Inc. and Wal-Mart Associates, Inc. (collectively, "Employer") and states as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. sections 2601, *et. seq.* ("FMLA") to obtain relief for violations of the FMLA.

2. Pursuant to the FMLA and other applicable law, Plaintiff seeks to recover all wages, salary, employment benefits, other compensation denied or lost by Plaintiff as a result of violations of the FMLA by Employer, interest, liquidated damages, reasonable attorneys' fees and costs, and such other relief as the Court deems just and appropriate.

### JURISDICTION, VENUE, AND PARTIES

3. This Court has subject matter jurisdiction over this action, pursuant to Chapter 26, Florida Statutes, as Plaintiff seeks to recover damages in excess of $15,000.00, exclusive of attorneys' fees, costs, and interest.

4. This Court further has jurisdiction pursuant to 29 U.S.C. section 2617, which



permits an employee to bring a private action for violations of the FMLA in any court of competent jurisdiction.

5. Venue is proper under Chapter 47, Florida Statutes, as Defendant Sam's East, Inc. has, or usually keeps, an office for transaction of its customary business or has an agent or other representative in Hillsborough County, Florida.

6. Further, Venue is proper under Chapter 47, Florida Statutes, as Defendant Wal-Mart Associates, Inc. has, or usually keeps, an office for transaction of its customary business or has an agent or other representative in Hillsborough County, Florida

7. At all times material hereto, Plaintiff was an "employee" as defined by the FMLA.

8. At all times material hereto, Defendants were an "employer" subject to the requirements of the FMLA and other applicable law.

9. At all times material hereto, Plaintiff was employed by Employer in excess of twelve (12) months and for at least 1,250 hours over the twelve (12) months prior to her need for FMLA qualifying leave.

## GENERAL ALLEGATIONS

10. Plaintiff is a former employee of Employer, who worked for Employer in excess of twelve (12) months and was eligible for leave under the FMLA.

11. During the course of her employment, Plaintiff suffered a serious medical condition, chronic serious health condition, and/or other qualifying need for leave under the FMLA.

12. The serious medical condition, chronic serious health condition, and/or other qualifying need for leave under the FMLA included, but were not limited to, Chronic Obstructive

Pulmonary Disease ("COPD").

13. COPD in a serious medical condition, chronic serious health condition, and/or other qualifying need for leave under the FMLA

14. Employer, by and through their managerial employees, were aware Plaintiff suffered from COPD, serious medical condition, chronic serious health condition, and/or other qualifying need for leave under the FMLA.

15. Plaintiff required periodic medical treatment for her COPD, serious medical condition, chronic serious health condition, and/or other qualifying need for leave under the FMLA.

16. Plaintiff suffered episodic events as a result of her COPD, serious medical condition, chronic serious health condition, and/or other qualifying need for leave under the FMLA.

17. Periodic medical treatment, episodic events, and other issues relating to Plaintiff's COPD, serious medical condition, chronic serious health condition, and/or other qualifying need for leave under the FMLA resulted in Plaintiff missing work for full and/or partial shifts/days.

18. These full and/or partial shift/day absences qualified for leave under the FMLA including, but not limited to, intermittent FMLA leave.

19. Plaintiff was terminated by Employer for excessive absenteeism.

20. Employer, through their managerial employees, knew or should have known that all or some of Plaintiff's absences were related to periodic treatments, episodic events, or other issues relating to Plaintiff's COPD, serious medical condition, chronic serious health condition, and/or other qualifying need for leave under the FMLA.

21. Despite such knowledge, Employer did not properly designate absences relating

to periodic treatment, episodic events, and other issues relating to Plaintiff's COPD, serious medical condition, chronic serious health condition, and/or other qualifying need for leave under the FMLA as FMLA qualifying leave.

22. Employer did not notify Plaintiff that absences relating to periodic medical treatment, episodic events, and other issues relating to Plaintiff's COPD, serious medical condition, chronic serious health condition, and/or other qualifying need for leave under the FMLA qualified for leave under the FMLA, including, but not limited to, intermittent FMLA leave.

23. Employer interfered with, restrained, and/or denied Plaintiff the exercise of or the attempt to exercise her rights under the FMLA and/or retaliated against Plaintiff for requesting and/or engaging in FMLA protected activity.

24. Plaintiff has suffered and continues to suffer grave and severe damage to her financial welfare, by reason of Employer's unlawful actions against Plaintiff.

25. Plaintiff has retained the services of the undersigned attorneys and is obligated to pay her legal counsel a reasonable fee for their services.

26. Plaintiff demands a trial by jury on all issues so triable.

## COUNT I
(Violations of the FMLA as Against All Defendants)

27. Plaintiff realleges paragraphs 1 through 26, above.

28. Employer violated Plaintiff's rights under the FMLA by, among other things, the following actions, inactions, errors, and omissions:

    a. Failing to notify Plaintiff of her eligibility to FMLA leave for, among other things, all or some of the absences she was terminated for,
    b. Failing to timely designate all or some of Plaintiff's absence from work as leave under the FMLA,
    c. Interfering with Plaintiff's exercise of or the attempts to exercise her rights under the FMLA,

      d.     Restraining Plaintiff's exercise of or the attempts to exercise her rights under the FMLA
      e.     Denying Plaintiff the exercise of or the attempts to exercise her rights under the FMLA
      f.     Terminating Plaintiff for requesting and/or engaging in FMLA protected activity,
      g.     Retaliating against Plaintiff for requesting and/or engaging in FMLA protected activity, and
      h.     Otherwise violating the FMLA.

29. As a direct, proximate, and foreseeable cause of the above, Plaintiff suffered damages.

30. Employer's violations of the FMLA were done wantonly, maliciously, willfully, and with the intent to do harm to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Employer for the following:

      a.     damages in the amount of wages, salary, employment benefits and other compensation denied or lost by Plaintiff,
      b.     liquidated damages pursuant to the FMLA and other applicable law,
      c.     prejudgment interest,
      d.     reasonable attorneys' fees and costs pursuant to the FMLA and other applicable law, and
      e.     all such other relief as the Court deems just, equitable, and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated August 1, 2014.

Respectfully submitted,

JOHN BALES ATTORNEYS

*/s/ Michael Schuette*

Michael Schuette
Florida Bar No. 106181
A Bales Professional Association
Service Email:
Team-EmploymentLaw@JohnBales.com
9700 Dr. Martin Luther King, Jr. St., Suite 400

St. Petersburg, Florida 33702
Telephone: (727) 823-9100
Telephone: (813) 224-9100
Telefacsimile: (727) 579-9109
Telefacsimile: (813) 224-9109
Attorneys for Plaintiff